

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-25-00059-CV

Carlos **HUERTA** and Martha Huerta,
Appellants

v.

**PORT SA MT, LLC**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2024CV07466
Honorable Cesar Garcia, Judge Presiding

PER CURIAM

Sitting:  Irene Rios, Justice
    Lori I. Valenzuela, Justice
    Lori Massey Brissette, Justice

Delivered and Filed: May 21, 2025

DISMISSED FOR LACK OF JURISDICTION

"A timely notice of appeal is necessary to invoke this court's jurisdiction." *In re L.R.S.*, No. 04-20-00507-CV, 2020 WL 7365444, at *1 (Tex. App.—San Antonio Dec. 16, 2020, no pet.) (mem. op.). Generally, a party's notice of appeal must be filed within thirty days after a judgment is signed. *See* Tex. R. App. P. 26.1. However, if any party timely files a motion for new trial, a motion to modify judgment, a motion to reinstate under Rule 165a of the Texas Rules of Civil Procedure, or a proper request for findings of fact and conclusions of law, the notice of appeal must be filed within ninety days after a judgment is signed. *See id.* 26.1(a).

Appellants attempt to appeal the trial court's final judgment in a forcible detainer suit. The trial court signed the judgment on December 5, 2024. Appellants' "Motion to Set Hearing [to] Stop Eviction"—which we construe as a motion to modify the judgment—was due no later than January 6, 2025, thirty days after the final judgment was signed. *See* TEX. R. CIV. P. 329b(a), (g). However, appellants did not file their motion to modify the judgment until January 23, 2025. Thus, appellants' motion to modify the judgment was not timely filed.

When a post-judgment motion that may operate to extend the deadline to file a notice of appeal is not timely filed, an appellant's notice of appeal must be filed within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. An untimely post-judgment motion does not extend the time to file a notice of appeal. *See In re Est. of Block*, No. 04-11-00558-CV, 2011 WL 5115697, at *1 (Tex. App.—San Antonio Oct. 26, 2011, no pet.) ("An untimely motion for new trial does not extend appellate deadlines.").

Because appellants' motion to modify the judgment was not timely filed—and therefore did not extend the deadline to file a notice of appeal—appellants' notice of appeal was due no later than January 6, 2025. *See* TEX. R. APP. P. 26.1. A motion for extension of time to file the notice of appeal was due no later than January 21, 2025. *See* TEX. R. APP. P. 26.3. Appellants did not file their notice of appeal until January 23, 2025, and did not file a motion for extension of time.[1]

On February 18, 2025, we advised appellants that it appeared their notice of appeal was not timely filed, and we ordered appellants to show cause in writing why this appeal should not be dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a); *Verburgt v. Dorner*, 959 S.W.2d

---

[1] A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing predecessor to Rule 26). However, "once the period for granting a motion for extension of time under [Rule 26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *Id.* Here, the period for granting a motion for extension of time passed before appellants filed their notice of appeal.

615, 617 (Tex. 1997). In their response to our show cause order, appellants do not address the reason for the untimeliness of their notice of appeal; instead, the response informs this court of the hardships experienced by appellants. While we are sympathetic to the appellants' situation, the arguments in their response do not establish this court's jurisdiction to entertain this appeal. "Rather, a timely filed notice of appeal confers jurisdiction on this court, and absent a timely filed notice of appeal, we must dismiss the appeal." *Campbell v. Leal*, No. 04-12-00654-CV, 2012 WL 5874622, at *1 (Tex. App.—San Antonio Nov. 21, 2012, no pet.) (citing *Verburgt*, 959 S.W.2d at 617).

Because appellants failed to timely file a notice of appeal, we dismiss this appeal for lack of jurisdiction. *See id.*; TEX. R. APP. P. 26.1; TEX. R. APP. P. 42.3(a).

PER CURIAM